**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **ANGELA DAWN PEREZ DOWLING,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | **25-13286-FDS** |
| **THE PEOPLE OF THE COURT, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

**SAYLOR, J.**

This is an action by a *pro se* plaintiff apparently challenging certain actions taken by judicial and law-enforcement personnel in Orange County, California.  Plaintiff Angela Dawn Perez Dowling has sued "The People of the Court," "The Court," the "North Justice Court" in Fullerton, California, and the Orange County District Attorney's Office.  She has also filed a motion for leave to proceed *in forma pauperis*.  For the reasons set forth below, the Court will grant the motion for leave to proceed *in forma pauperis* and dismiss the action.

**I.      Motion for Leave to Proceed *in Forma Pauperis***

The fee for filing a non-habeas civil action is $405.  The court may permit a litigant to proceed without prepayment of that fee if she submits an affidavit that includes "a statement of all assets such [person] possesses," 28 U.S.C. § 1915(a)(1), showing that she cannot pay the fee and "still be able to provide himself and dependents with the necessities of life," *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (citation modified).

Here, plaintiff asserts that she has no income and no assets.  (Dkt. No. 2).  Based on this representation, the Court is satisfied that she is indigent, and will allow her to proceed *in forma pauperis*.  Nonetheless, for the reasons set forth below, the complaint will be dismissed.

## II.      Review of the Complaint

Summonses have not issued pending the court's preliminary review of the complaint. Federal law authorizes a federal court to dismiss a complaint filed by an *in forma pauperis* plaintiff *sua sponte* if the claims therein are frivolous, malicious, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  In addition, the court may consider jurisdictional matters *sua sponte*, including whether a state is immune from suit in a federal court under the alleged facts.  *See Parella v. Ret. Bd. of Rhode Island Employees' Ret. Sys.*, 173 F.3d 46, 55 (1st Cir. 1999) (noting that courts have discretion to raise *sua sponte* questions of a state's immunity).  In conducting that review, the court must liberally construe the complaint because plaintiff is proceeding *pro se*.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

The complaint clearly fails to state a claim upon which relief can be granted.  Among other things, it identifies no viable federal-law basis for any claim.  Although plaintiff marked the basis for jurisdiction over her suit as "Federal question" in her complaint, she stated the basis for her suit as "legal malpractice" or "false claims??" without further explanation.  (Compl. at 3-4, Dkt. No. 1).  And although the allegations of the complaint are difficult to parse, they appear to essentially relate to plaintiff being arrested and charged with receiving stolen property relating to a vehicle that she had rented from a rental-car agency but had allegedly failed to make payments on.  (*See* Dkt. No. 1-3).  Beyond using language like "torture" and "assault" to describe the process of being arrested and booked for this offense, the complaint does not

address what particular actions by the arresting officers or employees of the district attorney's office constituted a violation of plaintiff's rights.  Although *pro se* complaints are to be construed broadly, a mere reference to a violation of "civil rights," where the basis for the claim is not laid out in any meaningful detail, fails to state a claim upon which relief can be granted.

Furthermore, the Court lacks subject-matter jurisdiction over plaintiff's claims against the "People of the Court," "The Court," and the "North Justice Court," to the extent that these are in fact legal entities that are may be sued, because they have sovereign immunity as arms of the state.  *See Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) (recognizing that suits against California state courts are barred by Eleventh Amendment), *superseded by statute on other grounds as recognized in Buffin v. California*, 23 F.4th 951, 963 n.5 (9th Cir. 2022); *Calderon v. Ashmus*, 523 U.S. 740, 745 n.2 (1998) ("[T]he Eleventh Amendment is jurisdictional in the sense that it is a limitation on the federal court's judicial power . . . .").  And any claim against the District Attorney's office would similarly be barred either by sovereign immunity, prosecutorial immunity, or both.  *See Penate v. Kaczmarek*, 928 F.3d 128, 135 ("[P]rosecutors are absolutely immune in exercising the core prosecutorial functions of 'initiating a prosecution and presenting the State's case.'" (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)) (citation modified)).

## III.   Conclusion

As set forth above, the claims in this matter must be dismissed for a variety of reasons, including failure to state a claim, sovereign immunity, and prosecutorial immunity.  Accordingly, and for the foregoing reasons:

1.     The motion for leave to proceed *in forma pauperis* is GRANTED.

2.      This matter is DISMISSED for failure to state a claim on which relief can be

granted, sovereign immunity, and prosecutorial immunity.  The Clerk is directed

to close the case.


**So Ordered.**


                                                      /s/ F. Dennis Saylor IV
                                                      F. Dennis Saylor IV
Dated:  June 3, 2026                                  United States District Judge